## FARR v. CATE.

58a 367
66 182
66 477

A defendant having been adjudged a bankrupt, the plaintiff may become nonsuit, without costs.

ASSUMPSIT. The defendant having been adjudged a bankrupt, the plaintiff moved that the action be dismissed without costs. To this the defendant's counsel objected, claiming that they had a lien upon the costs if they should recover, and that, the assignee not having asserted any claim, the defendant had the right to insist on his defence and obtain a judgment for costs; and after the motion to dismiss was made, the defendant's counsel moved that the assignee have leave to appear. No assignee having appeared when the motion to dismiss was made, the court granted that motion, and the defendant excepted.

*Farr & Stevens* and *Rand*, for the plaintiff.

*Bingham & Mitchell* and *Carpenter*, for the defendant.

FOSTER, J. At any time before the plaintiff opens his case to the jury he may become nonsuit, as a matter of right. *Judge of Probate* v. *Abbot*, 13 N. H. 21; *Caverly* v. *Jones*, 23 N. H. 573; *Wright* v. *Bartlett*, 45 N. H. 289; *Fulford* v. *Converse*, 54 N. H. 543; *Parker* v. *Burns*, 57 N. H. 602; *Haskell* v. *Whitney*, 12 Mass. 47; *West* v. *Furbish*, 5 Reporter 235.

It is enacted by U. S. Gen. St., s. 5047, that the assignee in bankruptcy may defend any suit in which the bankrupt is a party defendant, in the same manner and with the like effect as it might have been defended by the bankrupt.

The assignee's appearance being immaterial on the question of the plaintiff's right to become nonsuit, the motion that the assignee have leave to appear is denied. The plaintiff's right to become nonsuit cannot be affected by the assignee's appearance, or by the lien on costs claimed by the defendant's counsel. The matter of costs was within the discretion of the court at the trial term.

*Exception overruled.*

STANLEY, J., did not sit.