HILLS, *Ex'r, Ap't, v.* BAKER.

Where an executor appealed from a decree of the probate court directing him to pay over the balance found in his hands on settlement of his administration account to the residuary legatee, who desired no further administration, and no other person was interested in the estate, the appeal was dismissed with costs.

APPEAL, from the decree of the probate court by the executor of the will of Charles I. Baker, directing him to pay to the defendant, who is the residuary legatee, the sum of $95.29, the balance in the hands of the executor upon settlement of his account of administering the estate of the deceased. The reasons of appeal assigned are, that the decree was made without notice to the executor, and that the estate has not been fully administered. The defendant moved to dismiss, and upon this motion evidence was taken from which the following facts were found:

The plaintiff was appointed executor in August, 1875, and settled his account in September, 1879, after being cited in for that purpose by the defendant. The only estate not administered upon consists of a few small debts due to the estate, including a judgment for $53.36 obtained by the executor, upon which a second suit has been brought by him since this appeal was taken. The defendant, in November, 1879, requested the plaintiff to resign, and allow her to complete the administration. In the settlement of his account the plaintiff was credited with having paid all the debts allowed by the commissioner of insolvency, whether paid or not, except the claim of one Bartlett of $37. All the legacies have been paid (except the balance due the defendant), and credited to

the plaintiff in his account, together with the expenses of administration. Since the appeal was taken Bartlett has released his claim to the executor and to the estate, and relies wholly upon the defendant to adjust it to his satisfaction. He frequently demanded payment of the executor, who refused to pay it upon the ground that the commissioner had allowed more than was due, although from its allowance by the commissioner no appeal was taken.

*Stickney*, for the plaintiff.

*Wiggin & Fernald*, for the defendant.

SMITH, J. Whether the executor was entitled to notice of the decree of distribution (G. L., c. 192, s. 2), it is not important to inquire, for the appeal will not be entertained if it appear that no injustice has been done to him by the decree. *Ela* v. *Goss*, 20 N. H. 53.

The only person interested in the further administration of the estate is the defendant, who desires nothing further done. As whatever further administration is had must be for her benefit and at her expense, her request to the plaintiff to resign was reasonable. The claim of Bartlett has been released, and the uncollected claims due the estate are small and apparently doubtful. It is unjust to the defendant to subject her to the risk of costs and expenses which will evidently be wholly disproportionate to the amounts to be realized from the collection of these claims. There is no reasonable certainty that anything will be collected. Inasmuch as the plaintiff commenced the suit upon the judgment after the defendant's request to him to resign, and after the decree of distribution was made, and after this appeal was taken, we think his costs and expenses for prosecuting the suit should not be a charge upon the balance of $95.29, but should be paid from the proceeds of the suit if anything is collected.

As no injustice was done the plaintiff by the decree, the decree of the probate court is affirmed, and the appeal dismissed with costs.

*Appeal dismissed.*

All concurred.