WEBSTER & a. v. BRIDGEWATER AND NEW HAMPTON.

It is ordinarily the right of petitioners for a highway, before a hearing of the petition, to withdraw upon payment of costs, and the petition may be amended by striking their names therefrom.

MOTION, by N. H. Weeks, and one hundred and eighty others, petitioners for a new highway in Bridgewater and New Hampton, for leave to withdraw, and to amend the petition by striking out their names on the payment of costs. The other petitioners, seventy-three in number, oppose the motion. After the filing and reference of the petition, the towns of Bridgewater and New Hampton made application to the commissioners for an apportionment of the

expense of any highway that might be established, upon Plymouth, Ashland, and Bristol. The petitioners making this motion nearly all reside in the three last named towns. There has been no hearing before the commissioners. The court allowed the motion, and the seventy-three petitioners who opposed it excepted.

*Pike & Parsons* and *Aldrich & Remick*, for the seventy-three petitioners who oppose the motion.

*Fling & Chase*, for the defendants.

*Burleigh & Adams*, for Plymouth and Ashland.

BLODGETT. J. The granting of the motion was not erroneous. The rule in this state is, that a plaintiff, before opening his case to the jury, may become nonsuit as a matter of right (*Farr* v. *Cate*, 58 N. H. 367); and the rule also applies to any other tribunal which is equivalent to a jury. *Fulford* v. *Converse*, 54 N. H. 543, 544. Such being its extent, it cannot be fairly held that the rule does not include highway petitions to the court, in which the petitioners stand in the light of joint plaintiffs (*Parker, J.,* in *Burnham* v. *Steele*, 8 N. H. 184), and the commissioners fill the ordinary place of the jury. And in principle, also, there is nothing to distinguish a petition for a highway from other petitions, or actions, in which several unite in a common object, for there is no legal ground for the position that the relation of highway petitioners to each other is different from that of co-plaintiffs generally.

In this view, it was the right of the dissatisfied majority of the petitioners, unless estopped by some act or agreement beyond what appears, to become nonsuit at any term of the court after the entry of the petition and before the commencement of its hearing by the commissioners, and thereby bar its further prosecution; and therefore it is not a meritorious cause of complaint by the minority that the majority were permitted to withdraw without affecting the petition, and on the payment of costs.

Whether the amendment was authorized by *s.* 17, *c.* 226, Gen. Laws, allowing the name of a plaintiff or a defendant to be struck out before the evidence is closed or the case submitted, on paying his costs to that time, is immaterial. Justice required that the majority of the petitioners should not longer be compelled to share the burden and expense of the litigation against their will; and this, of itself, was amply sufficient to authorize the amendment. *Stebbins* v. *Ins. Co.*, 59 N. H. 143.

*Exceptions overruled.*

ALLEN and BINGHAM, JJ., did not sit: the others concurred.