Merrimack, }
Oct. 3, 1905. }

## CARR & a. v. CORNING.

### SAME v. SAME.

Where a will devises the residue of an estate to trustees and provides that whenever a vacancy occurs in the board the remaining members shall nominate and appoint a successor, "said appointment to be approved by the judge of probate for said county of Merrimack for the time being," the incumbent of that office is required to exercise the power of approval in his judicial capacity, and not as an individual.

A testamentary provision that appointments of trustees by surviving members of the board shall be subject to the approval of the judge of probate is not inoperative on the ground that the power conferred is beyond the authorized jurisdiction of that court.

The suitability of a person nominated as trustee under a will must be proved as a fact before the probate court is authorized to make the appointment.

BILL IN EQUITY, for the construction of the will of John H. Pearson, and PETITION, for a writ of *mandamus* to compel the defendant to consider and pass upon a petition filed by the plaintiffs in the probate court for Merrimack county. Transferred without ruling from the April term, 1905, of the superior court by *Chamberlin*, J.

The will is the same as that before the court in *Haynes* v. *Carr*, 70 N. H. 463, and *Carr* v. *St. Paul's Parish*, 71 N. H. 231. The testator devised the residue of his estate in trust for various private and public purposes, named three persons as trustees, and provided that "whenever a vacancy occurs in the board of trustees from any cause whatsoever, the remaining trustees or trustee shall nominate and appoint in writing a successor or substitute to fill such vacancy, said appointment to be approved by the judge of probate for said county of Merrimack for the time being."

After the decease of a trustee named in the will, the plaintiffs, who are the surviving trustees, duly nominated a suitable person as successor and filed in the probate court for Merrimack county a petition requesting that the appointment be approved. The defendant, who is the judge of probate, declined to consider the petition in his judicial capacity, but as an individual expressed his disapproval of the appointment, and these actions were thereupon brought.

The defendant excepted to the introduction of evidence tending to prove the suitability of the person named by the plaintiffs as successor to the deceased trustee.

*Sargent, Remick & Niles* and *Oliver E. Branch*, for the plaintiffs.

*Streeter & Hollis*, for the defendant. When the creator of a trust confers a power with reference to the appointment of trustees upon a judicial officer, he may refer to such officer as a judge, or as an individual,— to the office, or to the man. " Where it is manifestly the intention of the donor in the trust or the testator to name the individual who is or may be the judge of a court, as the donee of the power, his designation as judge will be construed as mere *descriptio personæ*, and the power sustained, as in the cases of powers conferred upon other public functionaries, the official characters being construed simply as equivalent to naming them by their proper names." *Harwood* v. *Tracy*, 118 Mo. 631, 637; *Leman* v. *Sherman*, 117 Ill. 657, 665; 28 Am. & Eng. Enc. Law (2d ed.) 965.

Whether the testator, in the provision for filling vacancies, referred to the judge of probate as such or as an individual, is a question of construction of the will. The only evidence as to the testator's intention is the language of the will itself. That language is, " said appointment to be approved by the judge of probate for said county of Merrimack· for the time being." The import of the words " for the time being " is so plain as to render argument superfluous. Those words show that the testator had in mind a changeable body, and it is only the person holding the office of judge of probate that changes; the office itself is permanent. If he had said " the individual who may for the time being be judge of probate for said county," he would not have expressed his intention more unmistakably.

" It is a settled principle, that in the construction of deeds and wills effect must be given to every word and clause if practicable." *Dennett* v. *Dennett*, 43 N. H. 499, 501; *Richardson* v. *Palmer*, 38 N. H. 212, 218. " No word, or clause, or sentence, is to be rejected or overlooked, if a reasonable and consistent construction can be given to them." *Drew* v. *Drew*, 28 N. H. 489, 494. To say that the testator had in mind the judge of probate in his official capacity, is to strike the words " for the time being " out of the will as senseless surplusage, in violation of this familiar rule. The theory that he contemplated the individual incumbent of the office gives those words their natural effect, and is the only theory upon which their presence in the will can be accounted for.

In passing upon an appointment under this will, the judge of probate is not performing his ordinary judicial function under section 6, chapter 198, Public Statutes. The jurisdiction conferred upon him by that statute is to *appoint* trustees, not to approve appointments made by others. As the authority vested in him by the will is different in character from his official jurisdiction as defined by law, it is evidence that the testator did not

intend him to act in his official capacity; rather, the contrary. See *Shaw* v. *Paine*, 12 Allen 293; *Webster Bank* v. *Eldridge*, 115 Mass. 424; *Pool* v. *Potter*, 63 Ill. 533; *People* v. *Morgan*, 90 Ill. 558, 568.

The cases in which powers of appointment to judicial officers have been construed to refer to them in their judicial capacity are either cases where a court was described by its official title (*Harwood* v. *Tracy*, 118 Mo. 631; *Leman* v. *Sherman*, 117 Ill. 657; *Morrison* v. *Kelly*, 22 Ill. 610), or where there was other evidence that official action was intended (*Allen's Appeal*, 69 Conn. 702), or where the language used to describe the officer was equivocal and it was assumed without consideration that official capacity was meant. *Wilcox's Appeal*, 54 Conn. 320.

It is elementary that the jurisdiction of a court over a given subject-matter can only be conferred by law, and cannot be given, increased, or diminished by the acts of private parties. *Doctor* v. *Hartman*, 74 Ind. 221; *Dodson* v. *Scroggs*, 47 Mo. 285; *In re Aylmer*, L. R. 20 Q. B. Div. 258. A testator can confer power upon a judge as an individual, but he cannot alter the jurisdiction of a court. *Shaw* v. *Paine*, *supra*; *McCleary* v. *McLain*, 2 Ohio St. 368, 370; 2 Beach Tr., s. 372. A testamentary provision for the appointment of trustees by a court which has jurisdiction by the law of its creation to perform that function may be sustained as a mere recognition of its legal jurisdiction; but a provision for their appointment by a court that is without such jurisdiction is null and void. *Harwood* v. *Tracy*, *supra*; *Leman* v. *Sherman*, *supra*.

The probate court has jurisdiction to appoint testamentary trustees, but only where no provision is made in the will for perpetuating the trust (P. S., c. 198, s. 6); and the provision of the Pearson will cannot be construed as a mere recognition of such jurisdiction, because that jurisdiction is to *appoint* trustees, while the power sought to be conferred by the will is to approve or disapprove appointments by others. The testator could no more interfere with a court's existing jurisdiction in this manner than he could confer jurisdiction *de novo*. Hence, if the official judge of probate was meant, the power attempted to be given him is void; and as the testator never contemplated that the surviving trustees should appoint free from any supervising authority, the entire scheme of the will for filling vacancies must fail. In this event, there being no valid provision in the will for perpetuating the trust, the probate court is free to appoint a person of its own selection under the statute. If the testamentary provision could be construed, as it cannot without doing violence to the language used, to mean that the probate court should *appoint* upon the

nomination of the surviving trustees, a like result would follow. The statutory right of that court to choose its own appointee cannot be thus limited. See *Shaw* v. *Paine, supra,* 396; *Allen's Appeal, supra,* 707, 708; *Schott's Estate,* 11 Phila. 120; *Lafferty's Estate,* 9 Pa. Dist. 385.

Young, J. . The defendant says (1) the power of approval is vested in him in his individual and not in his official capacity; (2) if it was the intention of the testator that the probate court should approve the appointment, the power of appointment fails because it is an attempt to confer upon the court a jurisdiction not conferred by law.

1. There is no force in the defendant's first position. In title 25 of the Public Statutes, entitled "courts of probate, and estates of deceased persons," the words "judge" and "judge of probate" are constantly used when it is apparent the probate court is intended. For example, chapter 182, Public Statutes, is entitled "judges of probate and their jurisdiction." It is a matter of common knowledge that when a person attending to probate business or considering probate matters speaks of referring anything to the judge of probate, he usually intends the probate court and not the person who exercises the function of that office. That is probably the sense in which Mr. Pearson used the words in his will, for the probate court has jurisdiction of wills and of the estates of deceased persons. P. S., *c.* 182, *s.* 2. When he provided that the persons who were to administer the trust he was creating should be approved by the judge of probate, there is a presumption that the probate court was intended; and the fact that the law makes it the duty of that court to approve the appointment of trustees, as will hereafter appear, makes that presumption so strong that the mere addition of the words "for the time being" is not enough to rebut it.

2. The defendant's second position is also unsound, for clause XII, section 2, chapter 185, Public Statutes, authorizes the probate court to appoint the trustees named in a will; and a trustee who is named in the way the testator has provided to perpetuate the will is "named in the will," within the meaning of that statute. *Shaw* v. *Paine,* 12 Allen 293, 296.

It is the duty of the probate court to administer trusts created by wills. P. S., *c.* 198. This duty necessarily carries with it that of appointing the trustees needed to execute such trusts (P. S., *c.* 185, *s.* 2, *cl.* XII; *Ib., c.* 198, *s.* 6), and that of removing them if they become incapable or unfit to perform their duties. *Ib., c.* 198, *s.* 8. Since it is the duty of the court to remove trustees who are unfit to administer their trusts, it cannot be the duty of the court to appoint a person to that position unless it appears that he is fit

for it, notwithstanding he is named as trustee in the will which creates the trust; for it would be a manifest absurdity to say that it is the duty of the court to appoint a person trustee, when it would be its duty to remove him as soon as he was appointed. So it must always appear that the person named in the will is a fit person to execute the trust, for otherwise it would be the duty of the court to refuse to appoint him. In other words, it is the duty of the probate court to appoint trustees whenever they are needed to administer trusts created by wills; but its authority in that respect is limited to persons who are suitable to execute the trust, both when the trustees are named in the will which creates the trust and when the will contains no provision for the appointment of the trustees. Therefore the suitability of the trustee is a fact that must be proved in every case, before the court is authorized to make the appointment. In other words, the probate court must decide that the person named in the will is a suitable person to administer the trust before it can appoint him to that position. This is the statutory rule in respect to appointing the executors who are named in a will. P. S., c. 188, s. 2, cl. 1; Ib., c. 188, s. 3. There is no more reason for requiring the court to examine into the suitability of executors to administer a deceased person's estate than there is for requiring it to inquire into the suitability of trustees to administer a trust the deceased person created. The fact that the statute makes it the duty of the probate court to inquire as to the suitability of the person named as executor before appointing him to that position tends to prove that the legislature intended that the court should inquire as to the suitability of the person named as trustee before appointing him to that position.

Since the law makes it the duty of the probate court to approve trustees named in a will before appointing them, it is obvious that the mere fact that the testator made it the duty of the probate court to approve trustees named in accordance with the provisions of the will does not make it illegal for the court to approve them; for it cannot be illegal for the court to do its duty merely because some one requests it.

*Case discharged.*

All concurred.