Carroll, ⎰
Oct. 7, 1913. ⎱

### STEPHEN H. HUTCHINS, *Ap't*, *v.* DANA J. BROWN.

An appeal from a probate decree appointing a guardian of a minor cannot be maintained by one whose property interests in a personal or representative capacity are not affected by the order and who fails to establish his legal right to the appointment.

The fact that a father, who died intestate, desired the custody and education of his minor children to be entrusted to his brother, who is a competent person, does not conclusively establish the latter's right to be appointed guardian.

PROBATE APPEAL, from a decree appointing the defendant guardian of two minor sons of Frank Hutchins, deceased, of whose intestate estate the defendant was administrator. Transferred from the November term, 1912, of the superior court by *Pike*, J.

February 14, 1911, Betsey Lyford Hutchins and the plaintiff, grandmother and uncle of the minors upon the father's side, petitioned for the appointment of the plaintiff as guardian, while the grandmother on the mother's side filed a petition for the appointment of one Whelpley. The petitions were heard together, and at the December term, 1911, of the probate court, the defendant was appointed guardian. From this decree the plaintiff claimed an appeal, assigning the following reasons: (1) Because Dana J. Brown is not a relative of the minors and would not be interested in their

welfare. (2) Because it was the desire of Frank Hutchins that his brother, Stephen H. Hutchins, should have the custody and be entrusted with the education of his children. (3) Because Stephen H. Hutchins is the uncle of the minors and is competent to care for them and to manage their estate. (4) Because Dana J. Brown is the administrator of the estate of Frank Hutchins, and his appointment as trustee places him in a dual and antagonistic position; and being such administrator, he is legally disqualified to hold the position of guardian. (5) Because the situation of the estate of Frank Hutchins is such that complications will arise between the administrator and the guardian which require the appointment of a different person as guardian.

In the superior court, the defendant's motion to dismiss the appeal as insufficient in law was granted, in view of the fact that the administrator's final account had been allowed without appeal in February, 1912, the minors being represented at the hearing for the allowance of said account by a guardian *ad litem* specially appointed for the purpose. The plaintiff excepted to the order of dismissal.

*Edwin G. Eastman, Arthur L. Foote*, and *John Gage* (*Mr. Eastman* orally), for the plaintiff.

*Felker & Gunnison, Kivel & Hughes, Fred H. Brown*, and *William J. Britton* (*Robert Doe* orally), for the defendant.

PARSONS, C. J. "The judge of probate . . . may appoint a guardian to any minor whenever there is occasion." P. S., c. 178, s. 1. No notice is required. P. S., c. 185, s. 2. "The judge may appoint the father or mother, or any person nominated by either, to be guardian of a child, as he shall think most conducive to the interests of the child." P. S., c. 178, s. 3. The questions presented to the court by the petitions were: Was there occasion for the appointment of a guardian, and whose appointment would best promote the welfare of the minors. *Hanrahan* v. *Sears*, 72 N. H. 71. That some one should have been appointed is conceded.

The plaintiff appeals from the decree appointing the defendant. "Any person aggrieved by a decree, order, appointment, grant, or denial of a judge of probate, which may conclude his interest, . . . may appeal therefrom." P. S., c. 200, s. 1. "Generally, it may be said that one cannot be aggrieved by a decision unless he has some private right which is affected thereby." *Bennett* v.

*Tuftonborough,* 72 N. H. 63, 64. "Every guardian shall have the custody and tuition of the minor and the care and management of his estate." P. S., *c.* 178, *s.* 6. It has been held that the presumptive heirs of a ward have such an interest in the ward's estate as to be entitled to appeal from a decree affecting it (*Boynton v. Dyer,* 18 Pick. 1); but the plaintiff is not next of kin and consequently not an heir presumptive. It is also held that an executor named in a will has an interest in his representative capacity sufficient to maintain an appeal from a decree disallowing the will. *Shirley* v. *Healds,* 34 N. H. 407. A foreign administrator may appeal from the appointment of an administrator in this state. *Graves* v. *Tilton,* 63 N. H. 192. In short, there is a right of appeal when the rights affected are held in a representative capacity.

Whether the act of 12 Car. II authorizing the appointment of testamentary guardians, held to be in force in this state (*Balch* v. *Smith,* 12 N. H. 437), would create such an interest in the appointee as to entitle him to appeal from a decree appointing another, and whether the act, if ever in force here, has not been so modified by subsequent legislation and judicial decision (*Morey* v. *Sohier,* 63 N. H. 507, 512) as no longer to have such effect, if it ever had, need not be considered. The appellant does not allege an appointment by will in terms, and the finding of the case that the father died intestate negatives any purpose to prove by evidence of that character the father's desire alleged as one of the reasons of appeal.

Whether the plaintiff could maintain an appeal upon the broad allegation that, upon the whole case, he ought to have been appointed and the defendant ought not to have been appears doubtful; but the only allegations to sustain the plaintiff's right to an appointment are the dead father's wish and the plaintiff's competency and relationship to the minors. But if these facts are proved it does not follow as matter of law that the plaintiff must be appointed. Everything deserving consideration being duly weighed, it might be proper to appoint some person other than the competent uncle whom the father desired appointed. *Waldron* v. *Woodman,* 58 N. H. 15. As the decree does not relate to any property interest of the appellant in a personal or representative capacity, and as he has not alleged any facts establishing a legal right to the appointment, it does not appear that any legal interest or right of his is affected, and the appeal cannot be maintained.

The plaintiff, as the uncle of the minors, is properly deeply interested in their welfare, but his interest is that of affection and

friendship. His interest in the decree arising therefrom is natural and proper; but not being of a pecuniary nature or resting upon a. personal right, he is not a person legally aggrieved. *Lawless* v. *Reagan*, 128 Mass. 592.

Whether the appeal was properly dismissed upon such findings as could be made upon the evidence relating to the last two grounds of appeal, in view of which the order of dismissal was made by the superior court, is immaterial. The appeal should have been dismissed upon the defendant's motion because the plaintiff had no right to maintain it.

*Exception overruled.*

YOUNG, J., dissented: the others concurred.