Dec. 4, }
 1917. }

## PETITION OF HERMAN F. STRAW & a.

The power to appoint a trustee of an estate created by will is not vested in the supreme court, and a testamentary provision for such appointment cannot confer jurisdiction.

Whenever it appears that a court has no jurisdiction of the subject-matter of a proceeding, it will be dismissed though no objection be made.

PETITION, to the supreme court for the appointment of trustees under the will of Hannah A. Currier, late of Manchester in said county, deceased.   The will provided that the board of trustees under said will "may consist of ten members, and whenever the number shall be reduced below ten, the vacancy may be filled by the supreme court of the state or the court that may represent the supreme court, upon the petition of one or more of the remaining trustees, and it shall be the duty of the remaining trustees to keep the board full."   There are now two vacancies in the board of trustees, and this petition is brought by the remaining trustees to fill those vacancies.

*Jones, Warren, Wilson & Manning*, for the petitioners.

*James P. Tuttle*, attorney-general, for the state.

PLUMMER, J. The power to appoint trustees of estates is not vested in the supreme court. "The probate court has jurisdiction of wills and of the estates of deceased persons. P. S., c. 182, s. 2. . . . It is the duty of the probate court to administer trusts created by wills. P. S., c. 198. This duty necessarily carries with it that of appointing the trustees needed to execute such trusts (P. S., c. 185, s. 2, cl. XII; Ib., c. 198, s. 6)." Carr v. Corning, 73 N. H. 362, 365. "Judges of probate have exclusive, original jurisdiction of the probate of wills and the settlement and distribution of the estates of deceased persons. Const., art. 79; P. S., c. 182, s. 2." Knight v. Hollings, 73 N. H. 495, 497; Glover v. Baker, 76 N. H. 393, 398. The provision contained in the will of the testatrix that the supreme court may fill vacancies that occur in the board of trustees, does not confer jurisdiction upon the court to appoint trustees to fill vacancies. "Consent cannot confer jurisdiction where none exists. Whenever it appears that a court has no jurisdiction of the subject-matter of the suit, the proceeding is dismissed even if no objection is made." Burgess v. Burgess, 71 N. H. 293.

<em>Petition dismissed.</em>*

PEASLEE, J., did not sit: the others concurred.