Belknap, }
May 5, 1925. }

## BANK OF NEW YORK AND TRUST COMPANY
### *v*. FRANK P. TILTON *& a.*

A foreign corporation, other than a national bank located within the state, cannot be appointed trustee by any court of this state.

A person named as trustee by a will probated in this state, but legally incompetent to act as such trustee, has no such interest in the estate as to entitle him to appeal from a decree appointing others, or to be heard upon the choice of trustees.

Laws 1917, *c*. 193, *s*. 1 was repealed by Laws 1919, *c*. 121, *s*. 5.

PETITION, for leave to appeal from a decree of the probate court appointing the defendants trustees under the will of Levi Holbrook. The will named the plaintiff as trustee.   The administrators *de bonis non* with the will annexed, who were also the first beneficiaries under the trusts, petitioned for the appointment of the defendants, representing that the plaintiff was disqualified under the statute.   The appointment was made without notice to the plaintiff.

The questions, whether the plaintiff is disqualified because it is a foreign corporation, and if so whether it is entitled to be heard as to who should be appointed, were transferred from the superior court, in advance of a hearing on the facts, by *Burque*, J.

*Emmet, Marvin & Martin* (of New York) and *Demond, Woodworth, Sulloway & Rogers* (*Mr. Demond* orally), for the plaintiff.

*Frank P. Tilton* and *Fletcher Hale* (*Mr. Hale* orally), for the defendants.

PEASLEE, C. J. The main question in the case relates to the right of a foreign corporation to be appointed trustee under the provisions of a will naming it for that office. The statute provides as follows:

"Hereafter any trust company, loan and trust company, loan and banking company, and all other corporations of a similar character, incorporated under the laws of this state, and any national bank being duly authorized and located within the state, may be appointed trustee, in any case where an individual can be appointed, upon the same conditions and subject to the same control, requirements and penalties; but no corporation shall be appointed in any other fiduciary capacity. Every corporation when appointed by any court in such capacity shall give bond of an indemnity company licensed by the insurance commissioner to do business in this state. The exercise of the powers granted herein is limited to the specified corporations located in this state." Laws 1919, *c.* 121, *s.* 1.

Taking this enactment as it reads, it is a plain exclusion of foreign corporations from any appointment by a court to any trusteeship. The arguments against this interpretation are largely based upon the law existing when the statute was enacted, and upon the history of its progress through the legislature. In 1917, provision was made regulating the appointment of a foreign corporation as a trustee. Laws 1917, *c.* 193, *s.* 1. It is argued that before that time such corporation could be so appointed. This position may be conceded to be correct, for the purposes of the argument. It was under these circumstances that the act of 1919, above quoted from, was passed.

It is urged that since it is entitled as a grant of powers, and this power already existed, therefore the limitation upon "the powers granted herein" has no application to the present situation. The defect in the argument is that it ignores the fact that the act in

question purports to be a grant of power to be a trustee "in any case when an individual can be appointed." The legislature evidently understood that it was dealing with the general subject of power to act in such capacity. It is apparent that the legislative understanding was that such power was then granted, and that the limitation above quoted applied to that office generally.

Nor does the fact that the original bill included a grant of power to act as executor, etc., affect the situation, for the office of trustee was included in the proposed list of granted powers. If, as the plaintiff argues, the original purpose had been to deal with executors, etc., and leave the law as to trustees as it stood before, there would have been no inclusion of trustees in the bill. The legislative purpose to exclude foreign corporations from judicial appointment to any position of trust was expressed in the original bill, and was not changed by the amendment which limited the power to appoint local corporations.

This conclusion as to the legislative intent is strengthened by a consideration of other provisions of the act. Section 2 provides that any institution "exercising any of the powers enumerated herein" shall segregate the trust funds, and conduct that business as a separate department and with a separate set of books. Section 3 forbids loans of trust funds to officers, etc., of the corporation; and section 4 provides a penalty for any violation of the act. These provisions could be applied only to local corporations. They were manifestly intended to provide general regulations for the government of corporate trustees, and thus confirm the position that there was an intent to deal with the subject generally, rather than in some special way, or as to a part only of qualified corporations.

The suggestion is made that if a general revision of the law upon this subject had been intended, there would have been a retention of the provision of Laws 1917, c. 193, s. 4, that national banks should consent to an examination of their trust departments by the state bank commissioners and acknowledge themselves subject to the jurisdiction of the probate court. But as the act of 1919 provides that the trustee shall keep its books and records in such form as the bank commissioners approve, and as the appointment of national banks is limited to those located in the state, the subject seems to be fairly covered by the later act.

Argument is advanced that upon this construction of the statute a foreign corporation cannot be a trustee under a mortgage. In such a case there is no appointment of the trustee by any court. The

arrangement is a contract between the grantor, the trustee and the bond holders.

The claim that in a case like the one under consideration the trustee is appointed by the testator, and derives authority from the will rather than from the decision and order of a court, has been decided adversely to the plaintiff. "It must always appear that the person named in the will is a fit person to execute the trust, for otherwise it would be the duty of the court to refuse to appoint him. In other words, it is the duty of the probate court to appoint trustees whenever they are needed to administer trusts created by wills; but its authority in that respect is limited to persons who are suitable to execute the trust, both when the trustees are named in the will which creates the trust and when the will contains no provision for the appointment of trustees." *Carr* v. *Corning*, 73 N. H. 362, 366. In view of this judicial declaration of the source from which a testamentary trustee derives his authority, there is no ground upon which to contend that in a later enactment as to such trustees the legislature used the word appoint in any different sense.

Merely naming a trustee in a will does not confer upon him title to the trust property. Unless he gives the required bond, he is deemed to have declined the trust. P. S., *c.* 198, *s.* 4. He must qualify in the probate court. If he is incompetent or otherwise disqualified, it is the duty of the probate court to refuse the appointment. The law of the state in these respects was not dubious in 1919. It had been plainly declared. If the law elsewhere is otherwise, it does not affect the present situation. The statute is a New Hampshire act and is to be construed in the light of the announced local view of the law, as it stood at the time of the enactment.

Argument is also advanced that the act of 1919 can be construed as merely a grant of power to certain local corporations, that the power granted in 1917 did not in terms apply to existing corporations, and that the act of 1919 was designed to remedy this defect, and not to deal with the subject generally. If this somewhat obscure intent were to be imputed to the legislature, it would not dispose of the plaintiff's fundamental difficulty. It would still be excluded in terms from the exercise of the described powers.

To meet this situation it is urged that as corporate power could be conferred upon local corporations only, therefore the last sentence is to be treated merely as a legislative declaration that there was no intent to attempt to enlarge the functions of foreign corporations. It is highly improbable that there was any such legislative purpose

or excess of caution, and the plain and simple language of the act cannot be explained away upon this ground. Moreover, if this had been the purpose of the act, and the merely local application of its provisions had been so thoroughly understood and so meticulously defined, national banks would not have been included among those to which the added corporate powers were granted.

The somewhat conflicting suggestion that the intent was to extend the power of appointment to other courts, upon the supposition that it theretofore extended only to courts of probate, stands no better. It is not to be assumed that the legislature intended to exclude foreign corporations from appointment by the superior court, while permitting such appointment by the court of probate. No reason is apparent for the adoption of such a distinction.

The fact that the act of 1919 only repeals "acts and parts of acts inconsistent with this act" (s. 5) is also relied upon. If this were an unusual form of expressing a repeal, the argument would have more weight. But, unfortunately, it is very commonly used. Instead of carefully scrutinizing the existing statutes, and specifying in terms what are repealed or amended, the form here used is adopted, and the question of repeal is frequently left in doubt. In view of this practice, the provision is not to be treated as a legislative declaration that former statutes upon the same subject are continued in force. If the new act plainly runs counter to earlier ones, it is to be given effect accordingly, and the former laws are repealed. A strained or unnatural interpretation of the new law is not to be adopted in order to preserve the old. The inclusion of this repealing section as a part of the bill is conclusive evidence that the legislature undertook to repeal some statutory provision.

The situation is different from that presented when the provisions of two concededly existing statutes are in seeming conflict. In such a case, both are to be construed together, and so interpreted as to give effect to all the provisions of each, if this can be done. But here the legislature recognized that it was making a change in existing statutory law. The new law was to prevail. All that was inconsistent with it was repealed.

Arguments that the act when construed as heretofore indicated is provincial and an unjust limitation of the power of a testator to provide as to who shall administer trusts created by his will, have not been overlooked. They relate to matters of policy, as to which men may differ in their views. They could not override legislative action, even if believed to be sound. They are at the most mere

aids in the solution of doubts, which do not exist in the present instance.

None of the suggested applications of the limitation contained in the closing sentence of the section under consideration are based upon satisfactory grounds. The true construction of the language used is that which is apparent upon a reading of the section. Foreign corporations, except national banks located in this state, are excluded from appointment as trustees by any court of this state.

It is further urged that if the plaintiff cannot be appointed because of the inhibition of the statute, the desired result can be accomplished by appointing its officers. It may be doubtful whether such a proposal would commend itself to the appointing power. But that is a matter outside the questions here presented for decision.

The plaintiff claims a right to be heard upon this question, and generally upon the choice of trustees. The statute provides for "notice to the persons interested in the trust estate." P. S., *c.* 198, *s.* 6. If it were conceded that the plaintiff was entitled to notice of the petition upon which the defendants were appointed, in order that it might be heard upon the question of its right to the appointment, it would not establish its right to maintain this equitable petition for leave to appeal. *Rice's Petition,* 58 N. H. 200. As it conclusively appears that a case of mistake, accident or misfortune in that respect is not made out, the petition cannot be granted upon those grounds. *Knight* v. *Haverhill,* 77 N. H. 487, 488, and cases cited.

Beyond the question of its own appointment, the plaintiff has no interest in the estate, or its administration. If any injustice has been done by the decree complained of, it does not concern the plaintiff, and the plaintiff is not entitled to appeal therefrom. *Hills* v. *Baker,* 59 N. H. 514. In the consideration of a very similar question (the right of an uncle to appeal from the appointment of a guardian) the following language was used: "As the decree does not relate to any property interest of the appellant in a personal or representative capacity, and as he has not alleged any facts establishing a legal right to the appointment, it does not appear that any legal interest or right of his is affected, and the appeal cannot be maintained.

"The plaintiff, as the uncle of the minors, is properly deeply interested in their welfare, but his interest is that of affection and friendship. His interest in the decree arising therefrom is natural and proper; but not being of a pecuniary nature or resting upon a

personal right, he is not a person legally aggrieved." *Hutchins* v. *Brown*, 77 N. H. 105, 107.

As it conclusively appears that no right of the plaintiff has been affected by the decree complained of, it follows that the present petition cannot be maintained.

*Petition dismissed.*

All concurred.