Hillsborough, }
Dec. 4, 1934. }

HARRY P. LEONARD, *Ap't v.* WILLIAM A. FAHEY, *Guardian.*

*William G. McCarthy* (by brief), for the appellant.

*Devine & Tobin*, for the appellee, furnished no brief.

PAGE, J. (1) Since the decision of *Judge of Probate* v. *Abbot*, 13 N. H. 21, the rule has prevailed in this jurisdiction that the plaintiff may become nonsuit as a matter of right before opening to the jury.

In *Webster* v. *Bridgewater*, 63 N. H. 296, a petition for a highway, the majority of the petitioners moved for leave to withdraw prior to the beginning of the hearing on the merits before the commissioners. Subject to the exception of the other petitioners, leave was granted, and this court said that "it cannot be fairly held that the rule does not include highway petitions to the court, in which the petitioners stand in the light of joint plaintiffs . . . , and the commissioners fill the ordinary place of the jury." It was said in *Barrett* v. *Cady*, 78 N. H. 60, 63, that the rule applies in equity where there is no right to trial by jury.

The present case is undistinguishable in principle from *Webster* v. *Bridgewater*. In neither could there be immediate contemplation of trial by jury, but in each instance such a trial was expectable upon an appeal. No question arises here, as in the cited case, with regard to the payment of costs as a condition of withdrawal.

A possible exception to the rule is suggested by the language of *Wright* v. *Bartlett*, 45 N. H. 289, 291: "we can find no authority to justify the court in refusing such application, unless where the plaintiff, by his own act or agreement, may have committed himself to such an extent, that to grant his request would be manifestly unjust to the other side." Assuming that to be a correct statement of the law, but not deciding it, the facts of this case are not such as to bring it under the supposed exception. Fahey had no right to become guardian of the child, and the mother could confer no such right upon him by signing his petition. This would be so even if her joining in the petition might be taken as a waiver of her own rights as natural guardian and an admission of Fahey's fitness to act, points as to

which no opinion is expressed. Fahey does not appear to have had any interest in the child or in the proposed guardianship except such as his own desire and his feelings of friendship and good will. That being so, Mrs. Leonard's change of mind could work no injustice to him.

(2) The withdrawal of Mrs. Leonard, being a matter of right, left William A. Fahey as the sole petitioner. He is not a relative. No interest of any sort appears that the law can recognize as giving him any right, whether under P. L., c. 290, ss. 6, 15, or otherwise.

Fahey had not so much interest as the appellant in *Hutchins* v. *Brown*, 77 N. H. 105. That appellant, though a relative, was held to have no interest of a pecuniary nature or resting upon a personal right, and hence could not be legally aggrieved so as to have a right of appeal to the denial of his petition to be appointed guardian. If the present appellee had appeared here as appellant, he would have had no right upon which to stand. Equally he had no right of his own upon which to stand as petitioner in the probate court.

When the mother withdrew, the petition became void upon its face, and the probate court had nothing to hear or determine. The only jurisdiction was the power to dismiss. The appointment was a nullity. The father's general appearance could not be taken as a waiver of the lack of jurisdictional power, and no jurisdiction could be conferred by agreement. *Mansfield* v. *Holton*, 74 N. H. 417.

If the appellant amends his appeal in the superior court by transforming it into a writ of *certiorari*, an order for the annulment of the appointment should be made.

*Case discharged.*

All concurred.