FREEMAN *v.* WAYNE PROBATE JUDGE.

1. COURTS—PROBATE COURTS—JURISDICTION.
   Under the Constitution (Art. 7, § 13), the probate court is a judicial agency with such jurisdiction, powers, and duties as are prescribed by law.[1]

2. WILLS—CONTEST OF WILL DOES NOT DEPRIVE PROBATE COURT OF JURISDICTION.
   A will contest, certified or appealed to the circuit court

[1]Courts, 15 C. J. §§ 419, 426.

for trial, does not deprive the probate court of jurisdiction, for, whatever disposition is made of the will contest, administration must be had in the probate court.[2]

3. COURTS—"PROBATE JUDGE" AND "PROBATE COURT" AS USED IN STATUTES GENERALLY SYNONYMOUS.

Generally the terms "probate judge" and "probate court," as used in statutes, are interpreted by the courts as synonymous and to mean the probate court unless a different intent is clearly made manifest.[3]

4. EXECUTORS AND ADMINISTRATORS—AUTHORITY OF EXECUTOR TO EMPLOY COUNSEL REQUIRED ACTION BY PROBATE COURT.

Exercise of the power granted to the probate judge by Act No. 281, Pub. Acts 1923, to authorize the executor of a will to employ counsel, when notice of the contest of the will has been filed, requires action by the probate court and record made thereof.[4]

5. COURTS—AUTHORITY TO ENTER OMITTED ORDER NUNC PRO TUNC.

If the probate court made an order authorizing the executor of a will to employ counsel in a contest of the will, but through inadvertence or mistake no official record was made thereof, entry of such order should now be made *nunc pro tunc.*[5]

6. SAME—OFFICE OF NUNC PRO TUNC ORDER.

A *nunc pro tunc* entry, in practice, is an entry made now of something which was actually previously done, to have effect as of the former date; its office not being to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake.[6]

7. SAME—PAROL TESTIMONY ADMISSIBLE TO ESTABLISH WHETHER COURT ORDER WAS MADE AND OMITTED FROM RECORD.

Whether an order was made by the probate court authorizing the executor of a will to employ counsel in a contest of the will, which was omitted from the record, is a question of fact which is not dependent upon minutes of record or written evidence, but may be established by any satisfactory evidence, including parol testimony.[7]

8. SAME—PROBATE COURT HAS JURISDICTION TO DETERMINE WHETHER ORDER MADE AND OMITTED FROM RECORD.

Where the question of whether a certain order had been

[2]Wills, 40 Cyc. p. 1249 (1926 Anno); [3]Courts, 15 C. J. § 419; [4]Id., 15 C. J. § 444; [5]Id., 15 C. J. §§ 386, 444; [6]Id., 15 C. J. § 386; [7]Id., 15 C. J. § 386.

made by the probate court and omitted from the record was a question of fact, the probate court was in error in holding it was without jurisdiction to determine said question and order an entry *nunc pro tunc* if such order had in fact been made.[8]

Certiorari to Wayne; Richter (Theodore J.), J. Submitted February 2, 1925.   (Calendar No. 31,809.) Decided April 3, 1925.

Mandamus by Amariah F. Freeman, executor of the last will of Mary C. Kempf, deceased, and special administrator of her estate, to compel Henry S. Hulbert, probate judge of Wayne county, to enter an order *nunc pro tunc*.   From an order denying the writ, plaintiff brings certiorari.   Reversed, and remanded.

*A. F. Freeman* (*Millis & Streeter* and *John F. Jordan*, of counsel), *in pro. per.*

*Frank J. Riggs* and *Ben W. Johnson,* for appellee.

WIEST, J.   This is certiorari to review mandamus. Plaintiff, special administrator of the estate of Mary C. Kempf, deceased, requested the probate court for the county of Wayne to authorize him, as executor named in the will of the deceased, to engage counsel and obtain evidence to assist in securing the admission of the will to probate in a contest certified to the circuit court.   This the probate court had power to do.   Act No. 281, Pub. Acts 1923.   He claims the probate judge granted such authority and admonished him "to employ good ones."   He employed himself and two other attorneys.   The authorization claimed to have been made was not reduced to writing and no record thereof made.   Plaintiff, however, filed a petition at that time asking for the authority.   Plaintiff and the two attorneys selected by him took part in the will

[8]Courts, 15 C. J. §§ 426, 444.

contest in the circuit and the will was sustained. Contestant of the will, it is claimed, will seek review in this court. After trial of the will contest in the circuit, plaintiff petitioned the probate court to allow him $2,000 for his services as an attorney and $1,500 to one of the other attorneys and $1,000 to the other. The probate judge, finding no record authorizing the employment of counsel, held he had no jurisdiction to make any such allowance as the authorization could not rest in parole. Plaintiff then asked for the entry of an order *nunc pro tunc* to have the record show the authority theretofore granted. This was refused. Plaintiff thereupon applied to the Wayne circuit for a writ of mandamus requiring the probate judge to grant the entry of the order *nunc pro tunc* and consider the claim of counsel for services. This was denied and plaintiff sued out the writ of certiorari herein.

It is claimed that Judge Command granted the authority to employ counsel. Judge Hulbert, having no personal knowledge of such authorization and finding no court record of the same, refused the requested *nunc pro tunc* order and declined to exercise jurisdiction to pass upon the claims for services. Plaintiff contends that the probate judge had power to authorize the employment of counsel and no court order or record was necessary, and, if wrong in this, then an order *nunc pro tunc* should be entered to show the authority was in fact granted by the court.

Plaintiff is in error in saying the statute grants power to the judge to appoint counsel, independent of judicial action entered of record in the court. The statute, *supra*, provides:

\* \* \* "Should notice of contest of such will be filed, the person or persons therein named as executor or executors shall, subject to the approval of the judge of probate, be authorized to engage counsel and obtain evidence to assist in securing the admission of such will

to probate, and the reasonable expenses thereof shall be a proper charge against the estate."

The probate court is a judicial agency with such jurisdiction, powers and duties as prescribed by law. Constitution, art. 7, § 13.    This statute grants a power to be exercised in the course of the administration of an estate, and, therefore, the power is in the *court* as an incident of such jurisdiction.

A will contest, certified or appealed to the circuit court for trial, does not deprive the probate court of jurisdiction over the estate, for, no matter what disposition is made of the will contest, administration must be had in the probate court.    An examination of the books discloses that, in statutes, the failure to make close distinction between the office of probate judge and the judicial power—the court—has led the courts, quite generally, to hold the terms probate judge and probate court synonymous, and to mean the probate court unless a different intent is clearly made manifest.

As said in *Carr* v. *Corning,* 73 N. H. 362 (62 Atl. 168), where it was contended that a trustee to be appointed subject to the approval of the judge of probate required action by the probate judge and not the probate court:

"In title 25 of the Public Statutes, entitled 'courts of probate, and estates of deceased persons,' the words 'judge' and 'judge of probate' are constantly used when it is apparent the probate court is intended.    For example, chapter 182, Public Statutes, is entitled 'judges of probate and their jurisdiction.'    It is a matter of common knowledge that when a person attending to probate business or considering probate matters speaks of referring anything to the judge of probate, he usually intends the probate court and not the person who exercises the function of that office."

The general statute of this State (3 Comp. Laws 1915, § 13764 *et seq.*) relative to the powers and juris-

diction of probate courts starts with: "Each judge of probate shall have jurisdiction:" and then enumerates the powers and jurisdiction of the probate court. Authority to employ counsel granted by virtue of power conferred by the statute in question requires action by the court and record made thereof.

If Judge Command authorized the employment of counsel and no written order was made or filed, has the probate court power to supply the omission? The order asked is not of action now taken to be dated back, but to perfect of record action heretofore judicially had. If the order was pronounced by Judge Command—and that it was does not seem to be questioned—but record evidence thereof omitted through inadvertence or mistake, then entry of the order may be made now of what was in fact done then, for such an order is to perfect a record of judicial action taken and not to supply now some judicial action omitted.

As stated in *Perkins* v. *Hayward*, 132 Ind. 95 (31 N. E. 670):

"A *nunc pro tunc* entry, in practice, is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

The distinction between the making of an order by the court and the entry thereof is well stated in 20 R. C. L. pp. 512, 513:

"There is a clear distinction between the making of an order and its entry. The order is made when the court announces it. It is entered when it is placed of record by the clerk. The general rule would seem to be that for most purposes some entry or record of an order is necessary to its completion. * * * The power of courts to adopt the practice of entering orders, judgments, and decrees, *nunc pro tunc*, is recognized in all jurisdictions. It is many times

necessary for the attainment of justice, and, when properly exercised, should be favored.    *    *    *    According to some authorities, in all cases in which an entry *nunc pro tunc* is made, the record should show the facts which authorize the entry, but other courts hold that in entering an order *nunc pro tunc* the court is not confined to an examination of the judge's minutes, or written evidence, but may proceed on any satisfactory evidence, including parol testimony."

If the order was made by Judge Command, it can be entered now as of the time it was made.    If the order was not made, then one cannot be made now and entered as of a previous date.    While we must assume upon this record that Judge Command did grant the authority, we are not to be understood as foreclosing such question if an issue of fact is raised. Whether such authority was granted or not is a question of fact and is not dependent upon minutes of record or written evidence but upon any satisfactory evidence, including parol testimony.  : The purpose of an entry *nunc pro tunc* is not to restore a lost record. We have a statute enacted for that purpose.    The probate court was in error in holding the court was without jurisdiction in the premises.    If the order was made by Judge Command, the probate court should grant a *nunc pro tunc* entry and pass on the question of the reasonable expenses incurred under authority thereof.

We do not pass upon the right of the special administrator, named as executor in the will, to employ himself as an attorney, or whether his legal services come within the class of extraordinary services to be considered by the probate court under claim in an administrative capacity rather than as an attorney at law.    Such questions are not presented by the record or briefed and are mentioned merely to avoid having this opinion taken as determinative thereof.

The decision in the probate court is reversed and the

subject remanded to the probate court for further proceedings not inconsistent with this opinion.    Plaintiff will recover costs against Harry V. Angevine, contestant of the will and objector herein.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.