OWEN, Chief Justice.
Appellant was held in contempt for violating post-final judgment orders in a divorce action. We reverse.
The parties were divorced by final decree entered March 30, 1961, which required appellant to pay child support and alimony to appellee. On November 19, 1971, the court entered an order awarding to appellee a judgment against appellant for the amount of child support and alimony then in arrears. A timely petition for rehearing resulted in an order by The Honorable Murray W. Overstreet, Circuit Judge, which in pertinent part read as follows :
“. . . [T]he Court will withhold execution and execution shall not issue on the judgment of this Court dated November 19, 1971, for a period of one hundred twenty (120) days from the date of this Order, provided further, the Plaintiff shall not dispose of or further alienate any of his property during said period of time that execution has been stayed.
“DONE and ORDERED in Chamber at Orlando, Orange County, Florida, this 8 day of November, 1972, nunc pro tunc July 5, 1972.”
On February 7, 1973, appellee gave notice of application to have appellant held in *460 contempt, attaching a copy of a bill of sale dated November 28, 1972, whereby appellant had conveyed certain dental and office equipment to himself and his present wife as tenants of an estate by the entirety. A hearing was held before The Honorable Thomas E. Kirkland, Circuit Judge, at which time the execution and delivery of the bill of sale was conceded, but no other testimony or evidence was presented. Based thereon, Judge Kirkland adjudged appellant in contempt of the order entered November 8, 1972 nunc pro tunc July 5, 1972 “by transferring personal property to him and his present wife ... as tenants by the entirety in violation of said Order . . . ”, whereupon appellant was sentenced to thirty days imprisonment. The order contained appropriate provisions for appellant to purge himself, but these provisions are not relevant to our decision and hence are not recited.
The term “nunc pro tunc” is defined by Black’s Law Dictionary, Third Edition, P. 1267, as follows:
“A nunc tunc entry is an entry made now, of something which was actually previously 'done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake. Perkins v. Perkins, 225 Mass. 392, 114 N.E. 713; People v. Rosenwald, 266 Ill. 548, 107 N.E. 854, 856; Ann.Cas.1915D, 688; Grizzard v. Fite, 137 Tenn. 103, 191 S.W. 969, 971; L.R.A.1917D, 652; Freeman v. Hulbert, 230 Mich. 455, 203 N.W. 158, 160.”
This definition, as well as the statement of its purpose and use seems to be universally followed. See, 288 A, Words and Phrases, 779-794. It is thus apparent that in order signed November 8, 1972 “nunc pro tunc July 5, 1972” was intended to take effect as of July 5, 1972. One hundred twenty days from July 5, 1972 extended through November 2, 1972 and thus, appellant’s execution and delivery of a bill of sale on November 28, 1972 could not violate the restraining provision of the order.
Judge Kirkland’s order also found appellant in contempt of an order of the court dated July 26, 1971, requiring him to pay a $300.00 attorney’s fee to the appellee’s attorney. As indicated above, no evidence was taken before Judge Kirkland and' there is no basis in the record for a finding of a willful failure to pay the attorney’s fee. Before appellant can be held in contempt for his alleged failure to comply with this order, it is incumbent upon appellee to establish the fact of appellant’s failure to pay, and if established, appellant must be afforded the opportunity to show, if he can that such default was not willful. Section 10A, Fla.Jur., Dissolution of Marriage, §§ 369-373.
The order appealed is reversed.
WALDEN and DOWNEY, JJ., concur.