580 So.2d 634 (1991)
D.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1651.
District Court of Appeal of Florida, First District.
March 1, 1991.
*635 Barbara M. Linthicum, Public Defender, David A. Davis, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
This is an appeal from a final order in which the appellant was adjudicated delinquent. The appellant was charged with breaking and entering a residence and grand theft while he was still eighteen years old. An adjudicatory hearing was held, at the conclusion of which the state was found to have met its burden of proof as to both charges. The court, without adjudicating the child delinquent or withholding adjudication, set a disposition hearing for five days after the juvenile was to reach the age of nineteen. An emergency motion to terminate jurisdiction was filed by the appellant after his nineteenth birthday. The court found that even though the juvenile was not formally adjudicated prior to his nineteenth birthday, the findings which the court had made at the conclusion of the trial could be considered an adjudication of the offenses charged. The court then found it had jurisdiction to adjudicate the child delinquent nunc pro tunc to the date of the trial.
Section 39.02(4), Florida Statutes (1989), states that Chapter 39 jurisdiction is terminated when the juvenile reaches nineteen years of age. It is well-settled that such jurisdiction ceases when the individual reaches majority. See In the Interest of B.P., a child, 538 So.2d 73 (Fla. 4th DCA 1989); In the Interest of C.L.D., a child, 464 So.2d 1264 (Fla. 1st DCA 1985); State of Florida v. A.N.F., a child, 413 So.2d 146 (Fla. 5th DCA 1982).
Nunc pro tunc orders are issued to correct clerical mistakes or refer to judicial acts which memorialize a previously taken judicial act. Further, when applied to the entry of a legal order, the nunc pro tunc order generally refers to the trial judge's previous action for which there is an insufficient record but not to a new or de novo decision. Whack v. Seminole Memorial Hospital, 456 So.2d 561 (Fla. 5th DCA 1984). In Erlacher v. Erlacher, 289 So.2d 459, 460 (Fla. 4th DCA 1974), the court stated:
The term "nunc pro tunc" is defined by Black's Law Dictionary, Third Edition, P. 1267, as follows:
"A nunc tunc entry is an entry made now, of something which was actually previously done, to have effect as to the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had where entry thereof was omitted through inadvertence or mistake. Perkins v. Perkins, 225 Mass. 392, 114 N.E. 713 [1917]; People v. Rosenwald, 266 Ill. 548, 107 N.E. 854, 856 [1915]; Ann.Cas. 1915D, 688; Grizzard v. Fite, 137 Tenn. 103, 191 S.W. 969, 971 [1917]; L.R.A. 1917D, 652; Freeman v. Hulbert, 230 Mich. 455, 203 N.W. 158, 160 [1925]." This definition, as well as the statement of its purpose and use seems to be universally followed. See, 288A, Words and Phrases, 779-794.
See also Trawick, Fla. Prac. and Proc., § 15-5 (1989 ed.); Taylor v. Chapman, 127 Fla. 401, 173 So. 143 (1937).
The nunc pro tunc order entered in the case at bar was clearly an attempt to correct an oversight created when the disposition hearing was set for five days after Chapter 39 jurisdiction over the appellant *636 lapsed. This exceeds the scope of the proper purposes for which a nunc pro tunc order can be issued. Accordingly, the order adjudicating the appellant delinquent nunc pro tunc is reversed.
ERVIN and ZEHMER, JJ., concur.