957 So.2d 692 (2007)
Sylvia P. MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1775.
District Court of Appeal of Florida, First District.
May 4, 2007.
Rehearing Denied June 8, 2007.
Sylvia P. Mathis, pro se, Appellant.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The petitioner, Sylvia Mathis, seeks certiorari review of the trial court's denial of her Motion to Reduce Sentence, filed pursuant to rule 3.800(c), Florida Rules of Criminal Procedure. Because the trial court erroneously denied the motion as *693 untimely, we grant the petition and remand for a ruling on the merits.
On November 9, 2005, Mathis was found guilty of violating her probation and was sentenced to five years in prison. Later, in two separate cases, she pled nolo contendere to multiple counts of theft and various similar charges. On January 30, 2006, the trial court sentenced her on these two cases to two concurrent terms of five years in prison.
On February 17, 2006, Mathis filed a Motion to Reduce Sentence under rule 3.800(c). She requested that the trial court impose the sentences in the two cases from January 30, 2006, to run concurrent and coterminous with the sentence in the 2005 case. The trial court denied the motion as untimely on March 2, 2006, finding that more than 60 days had elapsed between sentencing on November 9, 2005 and the filing of the motion on February 17, 2006. Mathis then filed another motion, seeking the same relief, on March 9, 2006. The trial court denied this motion, as well, stating in an order issued on March 13th that it had already denied the same motion on March 2nd. Mathis then filed the instant petition for certiorari review of the trial court's decision in this Court.
Rule 3.800(c) provides that a trial court may reduce or modify a sentence within 60 days after the date the sentence is imposed. See rule 3.800(c), Fla.R.Crim.P. In the instant case, Mathis' sentences were imposed on January 30, 2006. She filed her rule 3.800(c) motion less than three weeks later, and refiled it only three weeks after that. Thus, both times Mathis filed her motion well within the sixty-day window in which the trial court could modify her sentence. Therefore, we conclude the trial court departed from the essential requirements of law in denying the motion as untimely. See, e.g., Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985); Timmer v. State, 840 So.2d 1160 (Fla. 5th DCA 2003); State v. Paulino, 696 So.2d 425 (Fla. 2d DCA 1997).
We grant the petition, quash the trial court's orders of denial dated March 2nd and 13th, 2006, and remand for a consideration of the motion on the merits.
Petition granted, order quashed and cause remanded.
BROWNING, C.J., WEBSTER and PADOVANO, JJ., concur.