PER CURIAM.
On May 4, 2006, this Court issued an opinion in case 06-1775, granting the petitioner’s petition for writ of certiorari and ordering the trial court to consider the merits of the petitioner’s motion to reduce or modify sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Mathis v. State, 957 So.2d 692 (Fla. 1st DCA 2007). On May 10, 2007, the trial court complied with the opinion and denied petitioner’s motion on the merits. However, mandate for the opinion in case 06-1775 had not issued at the time the trial court entered its order. Thus, the trial court did not have jurisdiction to consider the 3.800(c) motion. Cf. Brooks v. State, 937 So.2d 827 (Fla. 2d DCA 2006) (because mandate had not issued, the trial court lacked jurisdiction to resentence Brooks); State v. Miyasato, 805 So.2d 818 (Fla. 2d DCA 2001) (mandate functions to end the jurisdiction of the appellate court and to return full jurisdiction of the case to the trial court); Washington v. State, 637 So.2d 296 (Fla. 1st DCA 1994) (the judgment of an appellate court becomes final upon the issuance of a mandate). Accordingly, we grant the petition for writ of certiorari and quash the trial court’s May 16, 2007, order denying petitioner’s motions to reduce sentence. We remand for the trial court to enter an order on the merits of the petitioner’s motions to correct or modify sentence after mandate issues and jurisdiction returns to the trial court.
Petition for writ of certiorari GRANTED.
DAVIS and POLSTON, JJ., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.