WELLS, Chief Judge.
Larry Leatherwood appeals an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 without an evi-dentiary hearing. On appeal from a summary denial, this court must reverse unless the post-conviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
Because the record before us fails to make the required showing with respect to Leatherwood’s two claims based on the alleged recantation of a trial witness’ testimony (newly discovered evidence of witness recantation and presentation of false testimony), we reverse the order on appeal for the attachment of record excerpts conclusively showing that the appellant is not entitled to relief, or for an evidentiary hearing.[1] See Fla. R.App. P. 9.141(b)(2)(D). We affirm the remaining two claims raised in the post-conviction motion without discussion, finding them to be without merit.
Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.

. Although the order of denial refers to an affidavit of the trial witness denying any such recantation of testimony, the affidavit was not provided with the order in the record on appeal.