PER CURIAM.
Marquis Stokes appeals the summary denial of his original and amended verified motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of claims one and two of the original motion and claims one, two, three, and four of the amended motion without further comment. However, because the attached *511 record does not conclusively refute claim three of the original motion[1] and claim five of the amended motion,[2] we reverse and remand with instructions that the trial court either grant the relief, conduct an evidentiary hearing, or attach the records that conclusively refute the claims.[3]
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORPY, JACOBUS and BERGER, JJ., concur.

. The lack of attachment of the written plea agreement, oral pronouncement of sentence, the written sentence, or alleged amended written sentence makes it difficult for this Court to determine whether the sentence was illegal.

. The trial court originally denied claim five of the amended motion as conclusory. The records we found insufficient to refute this claim were attached to the trial court's July 30, 2012 order denying Stokes' motion for rehearing.

.We agree with the trial court that claim five of the amended motion is conclusory. If no records exist to refute this claim, the trial court should grant Stokes’ request to amend it pursuant to Spera v. State, 971 So.2d 754 (Fla.2007).