PALMER, J.
Algie Scott (defendant) appeals the final order entered by the trial court denying his motion seeking post-conviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. The defendant raises several claims of reversible error; however, only one claim possesses merit. Concluding that the trial court *192 erred in summarily denying claim one without attaching documents to support the ruling, we reverse.
The defendant argues that the trial court reversibly erred in summarily denying ground one of his post-conviction motion without attaching to its order portions of the record which support the ruling. See Fla. R.Crim. P. 3.850(d). In ground one, the defendant alleged that his defense counsel was ineffective for failing to object to the State’s use of his prior petit theft conviction while seeking habitual-offender sentencing. The trial court summarily denied this claim, writing:
On Ground One, the Defendant asserts Ineffective Assistance of Counsel for failure to object to the use of Felony Petit Theft as an underlying offense supporting the justification of a habitual offender sentence enhancement. However, a review of both the digital recording of his March 30, 2010 sentencing as well as the Defendant’s criminal file actually show that prior convictions other than Petit Theft were used. Therefore, Ground One is summarily denied.
The trial court did not attach any portion of the record to support this ruling. The State properly concedes error.
Accordingly, we affirm the trial court’s denial of relief on all grounds except ground one. As for ground one, we reverse the trial court’s summary denial and remand this cause for either an evidentiary hearing or for the attachment of records that conclusively refute the claim. See Stokes v. State, 107 So.3d 510, 511 (Fla. 5th DCA2013).
AFFIRMED in part; REVERSED in part; and REMANDED.
COHEN and WALLIS, JJ., concur.