COHEN, J.
Algie Scott appeals from an amended order summarily denying ground one of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. On appeal, he argues that the trial court lacked jurisdiction to enter the order. We agree and reverse.
In 2008, Scott was convicted of selling cocaine within 1,000 feet of a place of worship or convenience business and was sentenced as a habitual offender. Scott unsuccessfully appealed that conviction.. Subsequently, Scott filed a rule 3.850 motion for postconviction relief, alleging in ground one that his counsel was ineffective for failing to object to the State’s use of his prior felony petit theft conviction to support its request for a habitual offender sentence enhancement. The trial court summarily denied that motion and Scott appealed. In an opinion dated December 6, 2013, we reversed in part, remanding with instructions for the lower court to either attach portions of the record that conclusively refuted the claim made in ground one or conduct an evidentiary hearing on that claim. See Scott v. State, 128 So.3d 191, 192 (Fla. 5th DCA 2013). In what can only be described as a model of efficiency, the trial court, within a week of the issuance of our opinion, entered an amended order denying Scott’s claim, this time attaching portions of the record in support of the denial. Over two weeks later, on December 30, 2013, this Court issued the mandate in Scott’s case.
Scott once again appeals, raising two arguments. First, he argues that the trial court lacked jurisdiction to enter the amended order before the December 30th issuance of the mandate. Second, he submits that the portions of the record attached by the trial court did not, in fact, conclusively refute ground one of his rule 3.850 motion.
Scott’s jurisdiction argument has merit. See Smith v. State, 997 So.2d 507 (Fla. 5th DCA 2008) (holding that trial court lacked jurisdiction to enter order before mandate issued). The trial court lacked jurisdiction to enter the amended order until December 30, 2013, the date the mandate was issued. As reluctant as we are to punish efficiency, we must remand the case. Should the trial court decide to simply reissue the order, we will address Scott’s other argument at the appropriate time, assuming he chooses to appeal.
REVERSED and REMANDED.
ORFINGER and WALLIS, JJ., concur.