# Third District Court of Appeal

## State of Florida

Opinion filed July 8, 2015.

_____

No. 3D15-182
Lower Tribunal Nos. 00-316M

_____

**Larry Leatherwood,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Larry Leatherwood, in proper person.

Pamela Jo Bondi, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and EMAS, and SCALES, JJ.

ON MOTION FOR REHEARING GRANTED

SCALES, J.

Upon The State of Florida's proper confession of error, we grant Larry Leatherwood's motion for rehearing and replace the previous per curiam opinion of affirmance rendered in this case on February 25, 2015, with this opinion.

We vacate the trial court's December 15, 2014 Amended Order which denied Leatherwood's motion for post-conviction relief ("Order on Appeal") because the trial court was without jurisdiction to enter the Order on Appeal. We remand in order to allow the trial court to adjudicate Leatherwood's motion for post-conviction relief in accordance with our decision in Leatherwood vs. State, 151 So.3d 1278 (Fla. 3d DCA 2014).

**I. Background**

Leatherwood was tried by a jury and convicted of first degree murder on October 23, 2003. He was sentenced to life imprisonment without the possibility of parole. On direct appeal, Leatherwood's conviction and sentence were affirmed by this Court. Leatherwood v. State, 895 So. 2d 425 (Fla. 3d DCA 2005).

Since 2005, Leatherwood has made numerous efforts to obtain post-conviction relief.[1] In 2011, Leatherwood filed a 3.850 motion based, in part, on an

---

[1] Leatherwood's first motion for post-conviction relief was filed on May 11, 2005, and was denied by the trial court on July 11, 2005. Leatherwood's appeal of this denial was assigned case number 3D05-1821. This appeal was consolidated with an appeal that was assigned case number 3D07-2740. This Court affirmed the trial court in these consolidated cases in Leatherwood v. State, 990 So. 2d 1076 (Fla. 3d DCA 2008)(Table). There have been a total of thirteen appeals, motions or petitions by Leatherwood to this Court since his conviction.

alleged witness recantation. This Court reversed a summary denial of Leatherwood's 3.850 motion and remanded the case to the trial court either to hold an evidentiary hearing or to attach record excerpts to show that Leatherwood's claims were not entitled to relief. Leatherwood v. State, 75 So. 3d 369 (Fla. 3d DCA 2011)(Mem).

The trial court then conducted an evidentiary hearing, and found that the witness did not recant her testimony. Leatherwood appealed. This Court affirmed the trial court's order in Leatherwood v. State, 141 So. 3d 191 (Fla. 3d DCA 2014)(Table).

In the instant case, Leatherwood filed another 3.850 motion for post-conviction relief, this motion alleging, in part, that a potentially exculpatory recording was not turned over to Leatherwood's attorney. On January 30, 2014, the trial court summarily denied Leatherwood's motion without conducting an evidentiary hearing. In March of 2014, Leatherwood filed an appeal from the trial court's January 30, 2014 order.

On December 3, 2014, this Court issued an opinion reversing the trial court's January 30, 2014 order because the trial court did not attach portions of the record conclusively refuting Leatherwood's claim. Leatherwood v. State, 151 So.3d 1278 (Fla. 3d DCA 2014). The Court's December 3, 2014 opinion

remanded the case to the trial court, and on December 30, 2014, the Court's mandate issued.

On December 16, 2014, *prior to the issuance of our December 30, 2014 mandate,* the trial court entered the Order on Appeal, which attempted to conform to our December 3, 2014 opinion by attaching portions of the record to the order.

Leatherwood brought the instant appeal. On February 25, 2015, we rendered a per curiam affirmance. Leatherwood filed a timely motion for rehearing, arguing that the trial court lacked jurisdiction to enter the Order on Appeal because it was entered prior to the issuance of this Court's mandate.

In its response to Leatherwood's motion for rehearing, the State concedes that the trial court lacked the jurisdiction to enter the Order on Appeal because it was entered prior to the issuance of the mandate.

**II. Conclusion**

The State properly concedes that this case is governed by <u>Scott v. State</u>, 156 So. 3d 9 (Fla. 5th DCA 2014), and that the trial court, while acting efficiently in response to our December 3, 2014 opinion, was without jurisdiction to enter the Order on Appeal. We share with our sister court the same reluctance "to punish efficiency;" however, it is axiomatic that an appellate court is compelled to vacate a judgment entered absent proper jurisdiction. <u>Id.</u> at 10.

We grant Leatherwood's motion for rehearing. We replace our February 25, 2015 per curiam affirmance with this opinion. We vacate the trial court's December 16, 2014 Order on Appeal, and remand to allow the trial court to adjudicate Leatherwood's latest motion seeking post-conviction relief.[2]

So Ordered.

---

[2] We do not reach the merits of Leatherwood's appeal seeking review of the trial court's Order on Appeal because the trial court was without jurisdiction to enter the order.