IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT RIDDLE CLINTON,

        Appellant,

v.                                                                Case No. 5D15-1647

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed March 24, 2016

3.850 Appeal from the Circuit
Court for Volusia County,
Margaret W. Hudson, Judge.

Robert Riddle Clinton, Avon Park, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Robert Riddle Clinton appeals the summary denial of his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief. Appellant was charged with ten

counts of possession of photographs of sexual performance by a child, one count of

sexual battery on a person less than twelve years old, and forty counts of promoting

sexual performance of a child. He pled no contest to all the charges, and the State

reduced the sexual battery to lewd and lascivious molestation. Appellant was

adjudicated guilty and sentenced to life in prison for the lewd and lascivious molestation. He was sentenced to fifty years imprisonment for the ten counts of possession of photographs of sexual performance and fifteen years imprisonment for each of the forty counts of promoting sexual performance of a child. The sentences were to run concurrently.

We affirm the postconviction court's denial of grounds one and three of the motion. Appellant's second and fourth grounds for relief allege ineffective assistance of counsel for failure to obtain a mental health evaluation of Appellant in order to assert that: (1) he was incompetent to enter a plea; and (2) that he was insane at the time he committed the crimes. We have reviewed and affirm the postconviction court's ruling with regard to the incompetency to enter a plea claim.

We next address the other claim asserted in grounds two and four, that counsel was ineffective for not properly pursuing an insanity defense. At the sentencing hearing, Appellant responded affirmatively when asked if he believed he was suffering from any mental condition or ailment that may have caused him, to some degree, to commit the charged offenses. He testified that he felt he was impaired at the time he committed the offense and that he suffered from stress in the past. He denied receiving any mental health treatment or counseling prior to committing those crimes. Appellant testified that because of his mental condition, he could not appreciate the nature or consequences of the charged conduct at the time he engaged in it. During the sentencing hearing, Appellant's counsel urged the court to take that testimony into account. The sentencing court stated that it had no evidence that Appellant suffered from any mental health conditions or diminished capacity.

The postconviction court denied the claim of ineffective assistance of counsel for failing to pursue an insanity defense because the motion only alleged in a conclusory fashion that Appellant was "impaired" at the time of the offenses and that he did not understand that what he was doing was criminal. We agree with the trial court that Appellant's allegations were conclusory; however, the appropriate action is to afford Appellant at least one opportunity to amend those portions of his motion in accordance with Florida Rule of Criminal Procedure 3.850 (f)(3)*; Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007); *Stokes v. State*, 107 So. 3d 510, 510 (Fla. 5th DCA 2013); and *Luckey v. State*, 979 So. 2d 353, 354-55 (Fla. 5th DCA 2008). Accordingly, we reverse in part and remand with instructions to the trial court to permit Appellant the opportunity to amend grounds two and four regarding the claimed ineffective assistance of counsel for failure to pursue an insanity defense. We affirm as to all other issues.

AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.

TORPY, EVANDER, and EDWARDS, JJ., concur.