# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-561
Lower Tribunal No. 00-38717
_____

**Diego Jorge Jimenez,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Diego Jorge Jimenez, in proper person.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for respondent.

Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

Petitioner Diego Jorge Jimenez seeks habeas corpus relief from his resentencing order. Because the trial court was without jurisdiction to enter the resentencing order, we grant Jimenez's petition.

In 2003, Jimenez was convicted of one count of aggravated assault on a police officer, one count of aggravated battery on a police officer, one count of battery on a police officer, one count of battery, two counts of resisting officer with violence, and one count of depriving an officer of means of protection. Thereafter, Jimenez filed several rule 3.800 motions with the trial court and appealed several of his rule 3.800 denials.

In Jimenez's appeal of the trial court's denial of Jimenez's third rule 3.800 motion, this Court reversed and remanded to the trial court on the State's proper concession of error. Jimenez v. State, 88 So. 3d 194 (Fla. 3d DCA 2011) (Mem) ("Jimenez I"). On remand, the trial court denied Jimenez's motion in part and granted it in part, on the ground of double jeopardy. Jimenez subsequently appealed this trial court order to this Court, and, on July 8, 2015, this Court affirmed in part and reversed in part the trial court's order. We remanded the matter to the trial court for entry of a new sentence in accordance with its opinion. State v. Jimenez, 173 So. 3d 1020 (Fla. 3d DCA 2015) ("Jimenez II"). Our mandate in Jimenez II issued on September 29, 2015.

Prior to the issuance of our mandate, however, on September 25, 2015, the trial court entered Jimenez's new sentencing order, attempting to conform to our opinion in <u>Jimenez</u> II.[1]

Jimenez brought the instant petition arguing that the trial court lacked jurisdiction to enter the September 25, 2015 resentencing order. Because the resentencing order was entered prior to the issuance of this Court's mandate in <u>Jimenez</u> II, the trial court lacked jurisdiction to enter same. <u>Leatherwood v. State</u>, 168 So. 3d 328, 330 (Fla. 3d DCA 2015) (Mem). We, therefore, grant Jimenez's petition and direct the trial court to enter a revised sentencing order in accordance with this Court's opinion in <u>Jimenez</u> II.[2]

Petition granted.

---

[1] While our <u>Jimenez</u> II decision was released on July 8, 2015, the mandate did not issue, and therefore the decision was not final until September 29, 2015. <u>See</u> <u>Thibodeau v. Sarasota Mem'l Hosp.</u>, 449 So. 2d 297, 298 (Fla. 1st DCA 1984).

[2] We do not reach the merits of Jimenez's petition seeking review of the trial court's resentencing order because the trial court was without jurisdiction to enter the order.