PER CURIAM.
In this postconviction appeal, Appellant challenges the trial court’s summary denial of his rule 3.850 motion wherein he raises four ineffective assistance of counsel claims. Because the trial court failed to attach the relevant portions of the record upon which it relied to refute Appellant’s claims, we reverse and remand for the trial court to either hold an evidentiary hearing or attach portions of the record to its order that conclusively refute Appellant’s claims. See Fla. R. Crim. P. 9.141(b)(2)(D) (“On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”); see also Davis v. State, 153 So.3d 399, 401 (Fla. 1st DCA 2014) (“Rule 9.141(b)(2)(d), Florida Rules of Appellate Procedure, requires reversal of an order denying postconviction relief without an *1288 evidentiary hearing if the order fails to comply with the applicable subsection of rule 3.850(f)—in this case rule 3.850(f)(5), requiring the postconviction court’s determination that the grounds asserted can be conclusively resolved either as a matter of law (with citations) or by reliance on records of the case (with attached copies).”).
REVERSE and REMAND.
WETHERELL, MAKAR, and KELSEY, JJ, CONCUR.