# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2156
_____

MONTRE D. RICHARDSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

October 18, 2018

PER CURIAM.

We are constrained to reverse on procedural grounds the trial court's order denying Appellant's postconviction motion under Florida Rule of Criminal Procedure 3.850. In a previous appeal, Appellant successfully argued that the trial court must attach to its order record excerpts conclusively refuting Appellant's claims. *See Richardson v. State*, 215 So. 3d 1287 (Fla. 1st DCA 2017). Our opinion issued on April 28, 2017. Very promptly, on May 3, 2017, the trial court complied with our decision and re-entered the order denying Appellant's rule 3.850 motion, this time properly attaching records to support the denial. However, our mandate in the previous postconviction appeal did not issue until May 24, 2017.

An appellate court's mandate is the procedural vehicle by which jurisdiction transfers back to the trial court. *Mathis v. State,* 963 So. 2d 299 (Fla. 1st DCA 2007). Until issuance of our mandate, the trial court lacked jurisdiction to enter an order complying with our directions. Accordingly, while we applaud the trial court's efficient compliance with our decision, and are loathe to "punish efficiency," we must reverse the order because it was entered when the trial court did not have jurisdiction. *See Leatherwood v. State*, 168 So. 3d 328, 330 (Fla. 3d DCA 2015) (noting the court's reluctance to punish efficiency); *Scott v. State*, 156 So. 3d 9, 10 (Fla. 5th DCA 2014). Under these circumstances, we reverse and remand for re-entry of the order with record attachments—after our mandate has issued. *See* Fla. R. App. P. 9.340(a) (defining "mandate" and setting forth procedures).

REVERSED and REMANDED.

B.L. THOMAS, C.J., and KELSEY and WINOKUR, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Montre D. Richardson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.