# Third District Court of Appeal

## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1811
Lower Tribunal No. 07-15687-FC-04
_____

**Marcia Stivelman,**
Appellant,

vs.

**Jacques C. Stivelman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Lorenzen Law, P.A., and Dirk Lorenzen, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Hollywood), for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Marcia Stivelman ("Former Wife") appeals a September 12, 2023, post-judgment order, which: (1) granted Jacques C. Stivelman's ("Former Husband") petition for downward modification of alimony and reduced alimony to $11,500 per month; (2) ordered the Former Wife to pay the Former Husband $410,756.56 in retroactive alimony; and (3) granted the Former Husband's motion for a setoff, suspending his alimony obligation until the Former Wife paid the retroactive alimony. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We vacate the September 12, 2023, order because the trial court lacked case jurisdiction to enter this challenged order.

The instant case presents a muddled procedural history. In a prior appeal to this Court, the Former Wife appealed the original order modifying the alimony obligation of the Former Husband and a related order retroactively awarding the Former Husband reimbursement of his alimony overpayment ("Stivelman I"). In Stivelman I, we reversed both the modification order and the retroactivity order because neither order contained the required statutory findings under section 61.08(2), Florida Statutes. See Stivelman v. Stivelman, 355 So. 3d 1021 (Fla. 3d DCA 2023). We remanded the case for further proceedings, neither party sought rehearing and this Court's Stivelman I mandate issued on February 24, 2023. Thus, it was not until February 24, 2023 that the trial court regained case

jurisdiction to decide issues related to the orders challenged in Stivelman I. See Anton v. State, 976 So. 2d 6, 8 (Fla. 2d DCA 2008) ("Under Florida law, it is appellate court action—i.e., the issuance of the mandate—that returns jurisdiction to the trial court.").

Before this Court issued its mandate in Stivelman I, on November 30, 2022, the trial court entered an order granting the Former Husband's motion for a setoff of his monthly alimony payments against a debt the Former Wife owed and failed to pay the Former Husband (i.e., the retroactive alimony). On December 23, 2022, the Former Wife filed her notice of appeal of the setoff order ("Stivelman II"). In Stivelman II, we vacated the setoff order because the Former Wife's notice of appeal in Stivelman I divested the trial court of case jurisdiction to further adjudicate the order. See Stivelman v. Stivelman, 386 So. 3d 975 (Fla. 3d DCA 2023). The Stivelman II mandate issued on September 20, 2023. Thus, it was not until September 20, 2023 that the trial court regained jurisdiction.

In the instant appeal, the challenged order was entered by the trial court on September 12, 2023 *before* this Court issued its mandate in Stivelman II. As we have done previously, we are compelled to vacate the September 12, 2023, order because the Former Wife's December 23, 2022, notice of appeal in Stivelman II divested the trial court of case jurisdiction to

3

further adjudicate matters that are inextricably intertwined with and dependent upon the setoff order challenged in Stivelman II.[1]  See Richardson v. State, 257 So. 3d 605, 606 (Fla. 1st DCA 2018) ("An appellate court's mandate is the procedural vehicle by which jurisdiction transfers back to the trial court.  Until issuance of our mandate, the trial court lacked jurisdiction to enter an order complying with our directions.  Accordingly, while we applaud the trial court's efficient compliance with our decision, and are loathe to 'punish efficiency,' we must reverse the order because it was entered when the trial court did not have jurisdiction."); Colonel v. Reed, 379 So. 2d 1297, 1298 (Fla. 4th DCA 1980) ("The mandate of an appellate court is the official method of communicating its judgment to the inferior tribunal . . . if the appellate court does not lose jurisdiction until the mandate is issued, the trial court cannot regain jurisdiction until that time.").

So ordered.

---

[1] We again do not reach the Former Wife's arguments on the merits.  Based on repeated occurrences of the parties in this case filing appeals that clearly divested the trial court of jurisdiction and simultaneously continuing to litigate related issues below, the parties are hereby ordered to notify the trial court in writing within any pleading filed whether they have any related matters on appeal with this Court.