# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1037
Lower Tribunal No. F20-6673
_____

**Avery Cuff,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Petition for Belated Appeal.

Avery Cuff, in proper person.

James Uthmeier, Attorney General, and Yolande M. Samerson, Assistant Attorney General, for respondent.

Before SCALES, C.J., and LINDSEY and LOBREE, JJ.

PER CURIAM.

Avery Cuff ("Cuff") petitions this court for a belated appeal of an order

denying his motion for correction of jail credit under Florida Rule of Criminal Procedure 3.801. We have jurisdiction. See Fla. R. App. P. 9.141(c)(2).

In a previous appeal, Cuff successfully argued that the trial court must attach to its order record excerpts conclusively refuting Cuff's claims that he was entitled to additional jail credit. See Cuff v. State, 405 So. 3d 513, 514 (Fla. 3d DCA 2025). Our opinion issued on March 5, 2025. Very promptly, the trial court complied with our decision and on March 19, 2025, re-entered an order denying Cuff's rule 3.801 motion, this time properly attaching records to support the denial. However, our mandate in the previous appeal did not issue until March 31, 2025.

> An appellate court's mandate is the procedural vehicle by which jurisdiction transfers back to the trial court. Until issuance of our mandate, the trial court lacked jurisdiction to enter an order complying with our directions. Accordingly, while we applaud the trial court's efficient compliance with our decision, and are loathe to "punish efficiency," we must reverse the order because it was entered when the trial court did not have jurisdiction.

Richardson v. State, 257 So. 3d 605, 606 (Fla. 1st DCA 2018) (citation omitted); accord Leatherwood v. State, 168 So. 3d 328, 330 (Fla. 3d DCA 2015). The State properly concedes that this case is governed by Richardson and Scott v. State, 156 So. 3d 9 (Fla. 5th DCA 2014), and that the trial court, while acting efficiently in response to our March 5, 2025

2

opinion, was without jurisdiction to enter the order from which Cuff now seeks leave to belatedly appeal.

Accordingly, we deny the petition for belated appeal as moot, but vacate the trial court's March 19, 2025 amended order denying motion for jail credit entered before entry of our mandate, see Fla. R. App. P. 9.340(a) (defining "mandate" and setting forth procedures), with instructions to enter an order on Cuff's motion for jail credit with record attachments.[1]

---

[1] We note that rendition of another order on Cuff's motion for correction of jail credit will permit a timely appeal therefrom.

3