# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0677
_____

ALEXIS TOUCHTON-WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

May 13, 2026

PER CURIAM.

We are constrained to reverse on procedural grounds the trial court's order denying Appellant's postconviction motion under Florida Rule of Criminal Procedure 3.850. In a previous appeal, Appellant successfully argued that the trial court must attach to its order record excerpts conclusively refuting Appellant's claims and this Court found that there were several claims where the trial court had not done so. *See Touchton-Williams v. State*, 402 So. 3d 454 (Fla. 1st DCA 2025) Our opinion issued on February 5, 2025. On February 19, 2025, the trial court sought to comply with our decision and re-entered the order denying Appellant's rule 3.850 motion, this time attaching additional records regarding the previously reversed grounds. However, our

mandate in the previous postconviction appeal did not issue until March 5, 2025.

An appellate court's mandate is the procedural vehicle by which jurisdiction transfers back to the trial court. *Mathis v. State,* 963 So. 2d 299 (Fla. 1st DCA 2007). Until issuance of our mandate, the trial court lacked jurisdiction to enter an order complying with our directions. Accordingly, while we applaud the trial court's efficient compliance with our decision, and are loath to "punish efficiency," we must reverse the order because the trial court did not have jurisdiction to enter it at that time. *See Leatherwood v. State*, 168 So. 3d 328, 330 (Fla. 3d DCA 2015) (noting the court's reluctance to punish efficiency); *Scott v. State*, 156 So. 3d 9, 10 (Fla. 5th DCA 2014). We are not persuaded by the State's argument that the trial court's order denying the motion to strike, which attempted to retroactively stay the proceedings until this Court's mandate issued, cured the issue, because the lower court did not issue that order until after Appellant had filed the appeal on March 21, 2025—thirty days after the lower court issued the corrective order. "The general rule is that an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal." *Kimmel v. State*, 629 So. 2d 1110, 1111 (Fla. 1st DCA 1994). The lower court's *nunc pro tunc* order within the order denying the motion to strike—staying the rule 3.850 denial motion until after we had issued out mandate to try to retroactively cure the error— does not fix this issue. "Nunc pro tunc orders are issued to correct clerical mistakes or refer to judicial acts which memorialize a previously taken judicial act." *D.M.* v. *State,* 580 So. 2d 634, 635 (Fla. 1st DCA 1991). "A nunc pro tunc entry is an entry made now, of something which was actually previously done, to have effect as to the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of an action really had where entry thereof was omitted through inadvertence or mistake." *Id.* (quoting *Erlacher v. Erlacher,* 289 So. 2d 459, 460 (Fla. 4th DCA 1974)). The error at issue was not an act of omission, but the creation of a new corrective order that was done when the lower tribunal did not yet have jurisdiction to create that order.

Under these circumstances—and without commentary on the merits of Appellant's arguments in the motion itself—we reverse and remand for re-entry of the order with record attachments—after our mandate has issued. *See* Fla. R. App. P. 9.340(a) (defining "mandate" and setting forth procedures).

REVERSED and REMANDED.

LEWIS, WINOKUR, and NEFF, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.